UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA M. VALENZUELA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of the <br> Social Security Administration, <br><br> Defendant. | Case No. ED CV 08-1244-PJW <br><br> MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance benefits ("DIB"). Plaintiff claims that the Administrative Law Judge ("ALJ") did not: 1) comply with the remand orders of this Court and the Appeals Council; 2) properly consider her testimony; and 3) pose a complete hypothetical question to the vocational expert. (Joint Stip. at 3-6, 12-14, 18-20.) Because the Agency's decision that Plaintiff was not disabled within the meaning of the Social Security Act is supported by substantial evidence, it is affirmed.

## II. SUMMARY OF PROCEEDINGS

Plaintiff applied for DIB on April 1, 2004. (Administrative Record ("AR") 26.) The Agency denied the applications initially and on reconsideration. (AR 28-32, 38-42.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 43, 45-46.) Plaintiff appeared with counsel and testified at a hearing on September 13, 2005, and at a second hearing on February 17, 2006. (AR 349-62, 363-80.) On May 25, 2006, the ALJ issued a decision denying benefits. (AR 9-16.) Plaintiff appealed to the Appeals Council, which denied review. She then filed an appeal in this court. Thereafter, the parties stipulated to a remand of the action. (AR 424-27.)

On July 26, 2007, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ with instructions. (AR 428-31.) The ALJ held a new hearing on May 9, 2008, at which Plaintiff again appeared with counsel and testified. (AR 643-58.) On June 25, 2008, the ALJ issued a new decision denying benefits. (AR 381-93.) After the Appeals Council denied review, Plaintiff commenced the instant action.

## III. DISCUSSION

A.  <u>The ALJ's Compliance with the Remand Orders</u>

In her first claim of error, Plaintiff contends that the ALJ did not comply with the directives of the remand orders to evaluate the treating source opinions because he failed to properly consider the October 2007 opinions of treating physicians Luis Francisco and Suzanne Enloe-Whitaker. (Joint Stip. at 3-6.) For the following reasons, this claim is rejected.

An ALJ must comply with a district court's remand order. *See*, *e.g.*, *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) ("Deviation from

the [district] court's remand order in the subsequent administrative proceedings is itself legal error."). The same rule applies to orders from the Appeals Council. 20 C.F.R. § 404.977(b) (an ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeal Council's remand order."); *see also Thompson v. Barnhart*, 2006 WL 709795, at *11-12 (E.D. Pa. Mar. 15, 2006) (holding that ALJ committed legal error by failing to obtain mental status examination as directed by Appeals Council).

The Court's remand order instructed the ALJ to "evaluate all medical opinions of record giving legitimate reasons supported by substantial evidence in the record for rejection of any contradicted treating physician opinion."[1]  (AR 426-27.)  In its order remanding to the ALJ, the Appeals Council ordered the ALJ to:

> Give further consideration to the treating source opinions pursuant to the provisions of 20 C.F.R. § 404.1527 and Social Security Rulings 96-2p and 96-5p, and explain the weight given to such opinion evidence. As appropriate, the [ALJ] may request the treating sources to provide additional evidence and/or further clarification . . .[.]

(AR 431.)

---

[1] The order also stated that the ALJ was required to evaluate Plaintiff's ability to perform her past work and other work and obtain any necessary explanations from the vocational expert should her opinion testimony diverge from the Dictionary of Occupational Titles. (AR 427.)  Similarly, the Appeals Council's remand order directed the ALJ to obtain supplemental vocational expert testimony. (AR 431.) Plaintiff does not challenge the ALJ's compliance with these instructions.

1	The Agency argues that these instructions only applied to Dr.
2	Robert Johnson and Dr. Leon Minkoff's opinions, and that Plaintiff has
3	not challenged the ALJ's consideration on remand of those opinions.
4	(Joint Stip. at 6-7.)  The Agency argues further that there is no
5	evidence that either Dr. Francisco or Dr. Enloe-Whitaker treated
6	Plaintiff before her last insured date (September 30, 2004), and,
7	therefore, their opinions are not probative of disability.
8	Alternatively, it argues that the ALJ gave specific and legitimate
9	reasons for rejecting the opinions.  (Joint Stip. at 7-12.)  For the
10	following reasons, the Court concludes that the ALJ properly
11	considered the doctors' opinions and that, even if he overlooked the
12	reports identified by Plaintiff, any error was harmless.
13	It is well-established that, "[b]y rule, the Social Security
14	Administration favors the opinion of a treating physician over non-
15	treating physicians."  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir.
16	2007).  Where the treating physician's opinion is contradicted by a
17	non-treating physician's opinion, the ALJ must provide specific and
18	legitimate reasons, supported by substantial evidence in the record,
19	for rejecting the treating doctor's opinion.  *Id*. at 632 (citing
20	*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)).
21	On October 4, 2007, Dr. Francisco completed a preprinted form on
22	which he assessed Plaintiff's physical capacity as follows: lift and
23	carry less than ten pounds; stand, walk, or sit less than two hours in
24	an eight-hour day; sit no more than 20 minutes before needing to
25	change position; stand no more than 15 minutes before needing to
26	change position; need to "walk around" every 20 minutes for at least
27	five minutes; need the opportunity to "shift at will" from sitting to
28	standing or walking; need to lie down every one to two hours during

4

work; never twist, stoop, or climb stairs or ladders, and only occasionally crouch; need to avoid all exposure to extreme cold and heat, wetness, humidity, and hazards, and concentrated exposure to noise and fumes; and likely to be absent from work as a result of her impairments more than three times a month. (AR 586-87.)

It is not clear whether the ALJ considered this assessment. In his June 2008 decision, he referenced "Exhibit 23F," which contains both Dr. Francisco's October 4, 2007 functional assessment and Dr. Enloe-Whitaker's similar-looking September 29, 2007 functional assessment. (AR 390, 585-90.) In rejecting Exhibit 23F, the ALJ only referred to Dr. Enloe-Whitaker's opinion. (AR 390-91.) Thus, it appears that the ALJ failed to consider Dr. Francisco's October 2007 functional assessment. Assuming he did, for the reasons explained below, the Court concludes that any error was harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (defining harmless error in social security context).

It was Plaintiff's burden to establish that she was disabled on or before September 30, 2004. *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1458 (9th Cir. 1995) ("If the claimant was not disabled on the last day that [she] was insured under the Act, then [she] cannot recover disability benefits for a new period of disability with an onset date after expiration of insured status[.]"); *see also Armstrong v. Comm'r*, *Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998) (noting claimant bears burden of establishing disability before the expiration of the disability insured status). Dr. Francisco performed his functional assessment in October 2007, more than three years after Plaintiff's insurance expired. As best the Court can tell, Dr. Francisco did not see Plaintiff before February 9,

2006.  (AR 531.)  There is no indication in his report that it was intended to, or does, relate to Plaintiff's condition as of September 2004.  Thus, it has little or nothing to do with the issue of Plaintiff's disability.  Because no reasonable ALJ would have come to a different disability determination after considering Dr. Francisco's assessment, the ALJ's failure to specifically address it does not warrant remand.  *Stout*, 454 F.3d at 1056 (holding that an error is harmless if the Court can "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.").

Plaintiff also contends that the ALJ failed to address Dr. Enloe-Whitaker's opinion contained in a progress note and a "To Whom It May Concern" letter, both dated October 25, 2007.  (Joint Stip. at 4-5.)  In the note, Dr. Enloe-Whitaker stated that Plaintiff had "severe erosive osteoarthritis of her hands," and that the severe pain it caused her prevented her from working.  (AR 593.)  In the letter of the same date, Dr. Enloe-Whitaker opined that Plaintiff:

> [I]s incapable of doing work with her hands.  She has previously been tried on methotrexate, Plaquenil, Bromaline, Norco, and Vicodin; all without relief.  Her arthritis is very refractory, and it is my medical opinion that the patient is disabled permanently from work.

(AR 593.)

The ALJ did not address these findings, though he did consider and reject Dr. Enloe-Whitaker's September 29, 2007 functional assessment, and a June 22, 2007 letter that Plaintiff "is not able to be gainfully employed."  (AR 501, 588-90.)  According to the ALJ, this finding was inconsistent with clinical findings made during a

6

1  consultative examination; was "grossly exaggerated and unsupported by
2  her own records and by the currently minimal treatment"; was "done at
3  the request of [Plaintiff] and simply parrots her excessive
4  assertions"; and because Dr. Enloe-Whitaker did not see Plaintiff any
5  earlier than October 12, 2005, "a full year after [her] date last
6  insured.  The doctor made no attempt to relate the residual functional
7  capacity assessment back to September 2004, and even if she did, it
8  would only be a guess."  (AR 390-91.)

9       Notably, Plaintiff does not challenge the ALJ's reasons for
10  rejecting Dr. Enloe-Whitaker's June 2007 letter or her September 2007
11  functional assessment.  Rather, she argues that the ALJ erred by not
12  separately addressing Dr. Enloe-Whitaker's October 25, 2007 findings.
13  The Court rejects this argument.  The ALJ is not required to "discuss
14  every piece of evidence," *Howard ex rel. Wolff v. Barnhart*, 341 F.3d
15  1006, 1012 (9th Cir. 2003), particularly where, as here, Plaintiff
16  does not contend that the ALJ's findings as to Dr. Enloe-Whitaker's
17  other, similar assessments was erroneous and where, as discussed
18  above, Dr. Enloe-Whitaker's opinion related to Plaintiff's functional
19  limitations three years after her date last insured.[2]  For these
20  reasons, this claim does not warrant remand.

21       2.   The Credibility Finding

22       In her second claim of error, Plaintiff contends that the ALJ
23  erred when he failed to "specifically identif[y] what portions of
24  [her] testimony he found not credible, [or] . . . provide specific

---

[2] Even if the ALJ had erred in not parsing every page of Dr. Enloe-Whitaker's medical records, the error was harmless for the reasons set forth above.

evidence that undermined [her] testimony." (Joint Stip. at 13.) There is no merit to this claim.

ALJ's are tasked with judging the credibility of witnesses. Where, as here, a claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged and there is no evidence of malingering, the ALJ can only reject the claimant's testimony for specific, clear, and convincing reasons. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). In making a credibility determination, the ALJ may take into account ordinary credibility evaluation techniques as well as the claimant's daily activities. *Id.* at 1284. If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ noted in his decision that Plaintiff's testimony at the remand hearing in May 2008 was "essentially the same as that given during the hearings on September 13, 2005 and February 17, 2006." (AR 388.) Plaintiff "complained she has shoulder pain all the time which she described as a locking pain, and said she cannot grip, write, or reach overhead. She also maintains that she forgets what she is doing and forgets what she is saying. However, [she] did not expound on subjective complaints allegedly present prior to September 30, 2004, her date last insured."[3] (AR 388.)

---

[3] The ALJ's last statement is supported by the record. Thus, for example, at the May 2008 hearing, Plaintiff testified that "in the past year I'll be talking and I can literally forget what I'm saying." (AR 647.) Because, as noted above, Plaintiff had the burden of establishing that she was disabled before her last insured date of September 30, 2004, the ALJ did not err by not specifically addressing

The ALJ then found that Plaintiff's statements concerning her symptoms were not credible to the extent that they were inconsistent with his residual functional capacity determination because: 1) Plaintiff's daily activities were not consistent with a finding of total disability; 2) her statements were contradicted by examination findings; 3) she failed to mention any medication side effects to her doctors; 4) she last attended physical therapy in May 2004, and had not sought the help of a pain management specialist; and 5) she stopped working as a teacher's aide in June 2003 because her job was "phased out," not because she became disabled. (AR 388-89.) The Court concludes that these reasons for discounting Plaintiff's testimony are specific and legitimate, and are supported by substantial evidence in the record.

At the September 2005 hearing, Plaintiff testified that she drives when she has to. (AR 359.) She also testified that she cooks, but "I can't do it anymore like I used to"; that she "tr[ies] to pick up the grandkid's toys and stuff," but needs help cleaning the house; that she did the laundry and washing; and that she went to the store "every other week." (AR 360.) This testimony supports the ALJ's finding that Plaintiff was able to engage in at least some activities that were inconsistent with her allegations of disabling pain. *See Orn*, 495 F.3d at 639 (explaining that ALJ is entitled to consider evidence that a claimant "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting" as a basis for this testimony. *See also Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (holding that claimant's testimony about pain suffered after the expiration of her insurance "could not support her claim.").

finding that the claimant's testimony that he could not work is unbelievable).

Additionally, the ALJ was entitled to rely on the fact that Plaintiff's claims that she could not raise her right arm or use her hands were contradicted by the findings from the consultative doctor, who examined Plaintiff in November 2005, two months after her testimony, and concluded that she would be limited only to "frequent manipulation and fingering with both hands" and "frequent reaching with the right arm and she cannot perform work activities above the shoulder level" with that arm. (AR 334, 337, 352, 353, 388.) This, too, supports the ALJ's finding. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001) (upholding ALJ's credibility determination in part because evaluations revealed little evidence of disabling abnormality of the claimant's spine).

The ALJ's finding that Plaintiff had not told her doctors that she was suffering from side-effects from her medications is also supported by substantial evidence in the record. At the September 2005 hearing, Plaintiff testified that one of her medications made her "very, very sleepy," and that another "makes me just tired where I feel like I've just got to sit down, I've got to rest." (AR 354.) Yet Plaintiff did not mention these side-effects in the March 29, 2004 report she submitted with her disability application. (AR 67-68.) Nor did she indicate any medication side-effects at all in her April 14, 2004 Daily Activities Questionnaire. (AR 84.) Plaintiff did state in a July 19, 2004 Disability Report that several medications prescribed by Dr. Johnson caused her fatigue, but Dr. Johnson did not report in his March 29 or July 8, 2004 progress notes that she had reported any complaints to him. (AR 91, 96-97, 219, 226.) The ALJ

was permitted to consider the lack of evidence of side effects from prescription medication in discrediting Plaintiff's testimony. *See*, *e.g.*, *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

Plaintiff testified that she last had physical therapy in May 2004, after her rotator cuff surgery in February 2004. (AR 358-59.) Presumably, if Plaintiff suffered from constant shoulder pain for years, she would have continued physical therapy or sought out stronger pain medication from a doctor. A claimant's pursuit of only conservative treatment for pain, without offering any explanation for failing to seek more aggressive treatment, is properly considered by an ALJ when evaluating a claimant's credibility. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ is permitted to consider lack of treatment in his credibility determination.").

Finally, the ALJ's finding that Plaintiff stopped working because her job had been phased out is supported by the record. Plaintiff testified at the September 2005 hearing that she last worked in June 2003 as a part-time Spanish teacher and stopped because her position was eliminated, not because she was in too much pain to work. (AR 357.) A reasonable inference to be drawn from this evidence is that Plaintiff was capable of working in November 2003--the month she claims she became disabled--despite her claims to the contrary.

Because the ALJ's finding that Plaintiff was not credible was based on specific, clear, and convincing reasons, which were supported by substantial evidence in the record, it is affirmed.

3. <u>The Hypothetical Question to the Vocational Expert</u>

In her third claim of error, Plaintiff contends that the ALJ erred by failing to include the impairments and limitations set forth

11

1 by Dr. Francisco and Dr. Enloe-Whitaker in his hypothetical question
2 to the testifying vocational expert.  (Joint Stip. at 18-20.)  This
3 claim is without merit.  The ALJ was not required to incorporate these
4 doctors' limitations in the hypothetical questions to the vocational
5 expert because they did not relate to Plaintiff's condition on her
6 date last insured.  *See Osenbrock*, 240 F.3d at 1164-65 ("An ALJ is
7 free to accept or reject restrictions in a hypothetical question that
8 are not supported by substantial evidence.").  Thus, this claim does
9 not warrant remand.

## IV. CONCLUSION

For these reasons, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: February 10, 2010.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\VALENZUELA, A 1244\Memo_Opinion.wpd